127 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maurice P. OLIVIER-WARD, Petitioner-Appellant,
v.
Glenette BLACKWELL, Judge; Michael A. Tynan, Judge; Terry
Bork, Deputy Dist. Atty.; P. Harrill,
Respondents-Appellees.
 No. 97-55399.
 United States Court of Appeals, Ninth Circuit.
 Decided Oct. 27, 1997.
Submitted October 20, 1997**
 
 Appeal from the United States District Court for the Central District of California Terry J. Hatter, Jr., District Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maurice P. Olivier-Ward, currently incarcerated in federal prison on federal convictions for bank robberies occurring in Wisconsin and Nevada, appeals pro se the district court's order dismissing pursuant to 28 U.S.C. § 1915(e)(2) Olivier-Ward's action against two state court judges, a deputy district attorney, and a fourth individual identified only as "P. Harill, Declarant." The district court dismissed the action without prejudice to
 
 
 3
 Olivier-Ward's pursuit of state habeas corpus remedies. We affirm.
 
 
 4
 Olivier-Ward was convicted in state court of bank robberies occurring in California. Olivier-Ward asserts that federal law governing the prosecution of bank robbery supersedes state law governing robbery and that his prosecution and conviction under state law for the California robberies therefore violates the Supremacy Clause and the Tenth Amendment of the United States Constitution. Olivier-Ward also asserted in the district court that his state conviction violates the Fifth Amendment's prohibition against double jeopardy. He sought damages against the defendants pursuant to 42 U.S.C. § 1983. He also sought a writ of prohibition directed to the state court declaring his conviction unconstitutional.
 
 
 5
 The district court properly dismissed Olivier-Ward's damage claims because his conviction has not yet been declared invalid. See Heck v. Humphrey, 512 U.S. 477 (1994) (damage claims, which if successful would call into question the validity of a conviction, are not cognizable prior to invalidation of the conviction).
 
 
 6
 The district court also properly declined to issue a writ of prohibition declaring the state court conviction invalid. A writ of prohibition is not a means for invalidating the judgment of a non-subordinate court such as a state court, but rather is a means of confining or compelling the exercise of jurisdiction of an "inferior court" such as a lower federal court. See generally Ex Parte Republic of Peru, 318 U.S. 578, 581-83 (1943). The district court's dismissal of the action without prejudice to Olivier-Ward's pursuit of habeas corpus remedies is therefore
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3